UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL A. KELLY,<br><br>              Plaintiff,<br><br>v.<br><br>KATIE ROLLAND,<br><br>                   Defendant. | Case No. 1:16-cv-00149-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Clerk of Court conditionally filed pro se Plaintiff Michael A. Kelly's

complaint as a result of his in forma pauperis request. Pursuant to 28 U.S.C. § 1915, this

Court must review Kelly's in forma pauperis complaint to determine whether it may be

summarily dismissed. Kelly, the only party appearing in this action, consented to the

jurisdiction of a United States Magistrate Judge.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P.

73. The Court now reviews Kelly's complaint to determine whether it, or any of the

claims therein, should be summarily dismissed under 28 U.S.C. § 1915(e)(2). Having

---

[1] *See United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998) (holding a magistrate judge had jurisdiction to enter final judgment over defaulted person who was technically not a "party" to the litigation); *see also*, *Walters v. Astrue*, 2008 WL 618933 (N.D. Cal. 2008) (dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2) where only plaintiff consented to magistrate judge, and defendants, who had not been served, were not considered parties to the action).

**MEMORANDUM DECISION AND ORDER - 1**

reviewed the record, and otherwise being fully informed, the Court enters the following

Order.

## BACKGROUND

Plaintiff Michael A. Kelly filed a pro se complaint requesting in forma pauperis

status on February 26, 2016, in the United States District Court for the Eastern District of

Michigan. (Dkt. 1.) Kelly filed an amended complaint on March 1, 2016. (Dkt. 5.) On

March 9, 2016, the court granted Kelly's in forma pauperis request, but ordered that

service of process be delayed while the court conducted an initial review pursuant to 28

U.S.C. § 1915(e)(2). (Dkt. 2, 8.) Also on March 9, the court issued a Report and

Recommendation that the case be transferred to the United States District Court for the

District of Idaho, the District where Defendant Katie Rolland resides. (Dkt. 9.) The case

was transferred on April 5, 2016, and assigned to the undersigned United States

Magistrate Judge.

Kelly's amended complaint states that, on February 5, 2016, he mailed a

newspaper along with a typed letter to Kellie Drake, an inmate at the Gem County Jail.

On February 19, 2016, Kelly received the same mail at his P.O. Box in Bay City,

Michigan, returned from the Gem County Jail. On the envelope was a Return to Sender

stamp, below which was handwritten, "no advertisements ads." Kelly asserts that this was

written by or at the direction of Defendant Katie Rolland, the Jail Commander at the Gem

County Jail in Emmett, Idaho, whom Kelly alleges is "the person in charge at this facility

that is tasked [with] the responsibility of determining what/which inmate mails get

delivered." The amended complaint also appears to allege that Rolland acted per policy,

stating: "if the jail has a policy prohibiting mail/magazines/newspapers, primarily of an 'advertising nature' I haven't seen it and even if there were such a GEM CO. Jail Policy that Policy would be in violation of the 1st Amend."

Kelly alleges: (1) his First Amendment right was violated by Rolland's refusal to deliver the newspaper to Drake; (2) his First Amendment right was violated by Rolland's refusal to deliver the typed letter to Drake; and (3) his Fourteenth Amendment right to due process was violated when he was not given means by which to appeal the decision not to deliver and to return the mail he sent to Drake. Kelly seeks punitive damages totaling $1,500.00, with $500.00 to be awarded for each violation.

## ANALYSIS

### 1.     Standard of Review

Once a complaint has been conditionally filed pursuant to 28 U.S.C. § 1915, the Court may conduct an initial review of the complaint. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion of it if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Because Kelly is proceeding pro se, the complaint must be liberally construed, and Kelly must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the complaint can be saved by amendment, Kelly should be notified of the deficiencies and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). A dismissal without leave to amend is

**MEMORANDUM DECISION AND ORDER - 3**

improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## 2.      Failure to State a Claim

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not state a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

## 3.      Constitutional Claims

Although not stated in his amended complaint, Kelly's constitutional claims are brought under 42 U.S.C. § 1983, the civil rights statute. To state a valid claim under Section 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Section 1983 claims can be asserted against an individual personally or in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). An individual is sued in his or her official capacity when suit is brought for official actions attributable to

enforcement of a policy or custom, or for a decision as a final policy maker. *See id*; *see also Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). Kelly's amended complaint alleges Rolland is "the person in charge at this facility that is tasked [with] the responsibility of determining what/which inmate mails get delivered." The complaint alleges also that "Rolland, or someone at her direction," was responsible for returning the envelope, causing the alleged violation of Kelly's constitutional rights.

Because Kelly is alleging that his rights were violated by Rolland either through enforcement of a policy or as a result of her decision as a policy maker, the Court interprets the amended complaint as bringing suit against Rolland in her official capacity as Jail Commander.

### A.   *First Amendment Freedom of Speech and Association Violation Claims*

Kelly alleges his First Amendment right to free speech and association was violated when Rolland did not deliver Kelly's mail to inmate Drake and instead returned the mail to Kelly. Incarceration does not remove with it all the rights guaranteed under the Constitution. "Prison walls do not form a barrier separating prison inmates from the protections of the Constitution," *Turner v. Safley*, 482 U.S. 78, 84 (1987), "nor do they bar free citizens from exercising their own constitutional rights by reaching out to those on the 'inside.'" *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). Regulation of inmate mail implicates the First Amendment rights of both inmates and their outside correspondents. "This does not depend on whether the nonprisoner correspondent is the author or intended recipient of a particular letter." *Martinez*, 416 U.S. at 408. "[N]on-prisoners do indeed have a First Amendment right to correspond with prisoners." *Rowe v.*

**MEMORANDUM DECISION AND ORDER - 5**

*Shake*, 196 F.3d 778, 783 (7th Cir. 1999); s*ee also Thornburgh*, 490 U.S. at 407;

*Procunier v. Martinez*, 416 U.S. 396, 408-09 (1974), *overruled on other grounds by*

*Thornburgh v. Abbott*, 490 U.S. 401 (1989)[2]; *Prison Legal News v. Lehman*, 397 F.3d

692, 701 (9th Cir. 2005) ("We can perceive no principled basis for distinguishing

publications specifically ordered by a prison inmate from letters written to that inmate for

purposes of first amendment protection." (quoting *Miniken v. Walter*, 978 F. Supp. 1356,

1362 (E.D. Wash. 1997) (internal quotations omitted)).

     However, these rights must be weighed with "due regard for the 'inordinately

difficult undertaking' that is modern prison administration" by weighing the need for

order and security against the rights of inmates and non-inmates who seek to

communicate with each other. *Thornburgh*, 490 U.S. at 407 (quoting *Turner*, 482 U.S. at

85). Because of the security risks associated with materials entering a jail or prison,

officials are given greater discretion with regard to regulation of incoming mail than with

outgoing mail. *Id.* at 413.

     "When a prison regulation impinges on inmates' constitutional rights, the

regulation is valid if it is reasonably related to legitimate penological interests." *Turner*,

482 U.S. at 89. Four factors are considered when making this determination:

> (1) Whether the regulation is rationally related to a legitimate and neutral
> governmental objective; (2) whether there are alternative avenues that
> remain open to the inmates to exercise the right; (3) the impact that
> accommodating the asserted right will have on other guards and prisoners,

---

[2] *Procunier v. Martinez*, 416 U.S. 396 (1974), provided a two-part test for assessing the validity of a
prison regulation that implicated constitutional rights. *Thornburgh v. Abbott*, 490 U.S. 401 (1989),
adopted the four-part test set forth in *Turner v. Safley*, 482 U.S. 78 (1987), overruling *Martinez* in that
regard. However, *Martinez* remains good law with regard to its discussion of First and Fourteenth
Amendment rights.

**MEMORANDUM DECISION AND ORDER - 6**

and on the allocation of prison resources; and (4) whether the existence of easy and obvious alternatives indicates that the regulation is an exaggerated response by prison officials.

*Prison Legal News v. Cook*, 238 F.3d 1145,1149 (9th Cir. 2001) (citing *Turner*, 482 U.S. at 89-90).

It appears that Kelly's amended complaint may state a cognizable First Amendment claim based upon his right to correspond with inmate Drake. However, the complaint merely suggests that a policy exists but provides no details as to what that policy may be. The Court is therefore unable to determine, at this time, whether a legitimate penological interest exists. The Court finds Kelly's amended complaint, liberally construed, states plausible First Amendment violation claims against Rolland upon which relief could be granted if the allegations are proven at trial. Although the Court will allow Kelly to proceed on these claims, the Court does not suggest that Kelly's claims will be successful.

**B.     *Fourteenth Amendment Due Process Violation Claim***

Fourteenth Amendment guarantees apply only when a constitutionally protected liberty or property interest is at stake. *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). The First Amendment interest of inmates and non-inmates to communicate by mail "is plainly a 'liberty' interest within the meaning of the Fourteenth Amendment even though qualified of necessity by the circumstance of imprisonment. As such, it is protected from arbitrary governmental invasion." *Martinez*, 416 U.S. at 418. Individuals must be afforded the same procedural protections given to the inmates to whom their mail

**MEMORANDUM DECISION AND ORDER - 7**

is addressed. *See Prison Legal News v. Lehman*, 272 F. Supp. 2d 1151, 1159 (W.D. Wash 2003), *aff'd by* 397 F.3d 692 (9th Cir. 2005).

In *Martinez*, the Supreme Court affirmed a ruling that established a baseline for due process procedures required for non-delivery of inmate mail: "that an inmate be notified of the rejection of a letter written by or addressed to him, that the author of that letter be given a reasonable opportunity to protest that decision, and that complaints be referred to a prison official other than the person who originally disapproved the correspondence." *Martinez*, 416 U.S. at 419. "When a prison rejects and returns or withholds opened mail to the sender because of the *content* of the mail, the prisoner's and the sender's First Amendment rights are implicated and the prisoner is therefore entitled to the due process procedures set out in *Martinez*." *Sikorski*, 631 F. Supp. 2d 1327, 1346 (D. Nev. 2009). *See also Krug v. Lutz*, 329 F.2d 692, 699 (9th Cir. 2003) ("withholding delivery of inmate mail must be accompanied by the minimum procedural safeguards established in *Martinez*."). However, *Martinez* does not require notice and opportunity to appeal prior to mail being rejected or returned. *Sikorski v. Whorton*, 631 F. Supp. 2d at 1350, n. 17.

Kelly's amended complaint alleges that the mail he sent to Drake was returned to him with "no advertisements ads" written on the envelope. He alleges also he was not given notice prior to the mail being rejected and returned, nor was he afforded an opportunity to protest the decision. While notice is not required prior to returning the mail, it appears Kelly states a claim based upon an alleged failure to afford him an opportunity to protest the decision to return the mail based upon content. The Court

**MEMORANDUM DECISION AND ORDER - 8**

therefore finds Kelly's amended complaint, liberally construed, appears to state a plausible Fourteenth Amendment due process violation claim against Rolland upon which relief could be granted if the allegations are proven at trial. Although the Court will allow Kelly to proceed on this claim, the Court does not suggest that Kelly's claim will be successful.

### C.   *Damages*

Fed. R. Civ. P. 8(a)(3) requires that a plaintiff's complaint include a demand for relief sought. Kelly has requested relief in the total amount of $1,500.00 to be "awarded punitively". However, municipalities and municipal officials sued in their official capacity have immunity from punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 268 (1981). As a municipal official sued in her official capacity, Rolland is immune from punitive damages.

Kelly may be entitled to compensatory damages, however. But, compensatory damages must be based on proof of actual injuries suffered. "An abstract value of a constitutional right may not form the basis for § 1983 damages." *Memphis School District v. Stachura*, 477 U.S. 299, 308 (1986). "[N]ominal damages, and not damages based on some undefinable 'value' of infringed rights, are the appropriate means of 'vindicating' rights whose deprivation has not caused an actual, provable injury." *Id.* at n.11. While nominal damages are available for a § 1983 claim, nominal damages are limited to an amount "not to exceed one dollar." *Carey v. Piphus*, 435 U.S. 247, 267 (1978).

**MEMORANDUM DECISION AND ORDER - 9**

Although the requested relief may be liberally construed as a request for compensatory damages, Kelly has not stated any facts to indicate that an actual, provable injury occurred to support such an award. In the absence of facts indicating an actual injury, Kelly nonetheless may seek nominal damages. Accordingly, the Court liberally construes the amended complaint as stating a sufficient claim for damages upon which to proceed at this time.

## CONCLUSION

Plaintiff may proceed on his First and Fourteenth Amendment claims under Section 1983. The Court's Order does not guarantee that any of Kelly's claims will be successful; it merely finds that his claims are colorable, meaning those claims will not be summarily dismissed at this stage. This Order is not intended to be a final or comprehensive analysis of Kelly's claims, but it is a determination that Kelly's claims are plausible and should proceed to the next stage of litigation. It is Kelly's burden to thoroughly set forth the legal and factual basis for each of his claims so that Rolland can properly defend against them.

Rolland may file a motion for dismissal on any basis other than failure to state a claim.[3] An early motion for summary judgment – rather than a motion to dismiss – is often a more appropriate vehicle for asserting defenses such as entitlement to qualified immunity. In such instances, the parties may be required to exchange limited information and documents directly relevant to the defense at issue.

---

[3] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Amended Complaint under § 1915(e)(2).

**MEMORANDUM DECISION AND ORDER - 10**

# ORDER

## NOW THEREFORE IT IS HEREBY ORDERED:

1) Plaintiff may proceed on the First and Fourteenth Amendment claims under Section 1983 against Defendant.

2) Plaintiff's Request for Service (Dkt. 3) is **GRANTED** as set forth in this Order.

3) Defendant shall be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendant chooses to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court shall forward a copy of the Amended Complaint (Dkt. 5), a copy of this order, and a Waiver of Service of Summons to **Richard Linville, Gem County Prosecuting Attorney, 306 E. Main St. Box 671, Emmett, Idaho 83617.**

4) Should the Gem County Prosecutor determine that Defendant is not, in fact, an employee or former employee of Gem County, or that the Gem County Prosecutor will not be appearing for Defendant, he should file a notice within CM/ECF system, with a copy mailed to Plaintiff, indicating that service will not be waived.

5) If Plaintiff receives a notice indicating that service will not be waived, Plaintiff shall have an additional 90 days from the date of such notice to file

a notice of physical service addresses of Defendant, or the claim against

Defendant may be dismissed without prejudice without further notice.

6)  The parties shall not engage in any discovery until an answer has been

filed. Within 30 days after an answer has been filed, the parties shall

provide each other with the following voluntary disclosures: all relevant

information pertaining to the claims and defenses in this case, including the

names of individuals likely to have discoverable information, along with

the subject of information, such as any relevant mail policy, as well as any

relevant documents in their possession, in a redacted form if necessary for

security or privilege purposes; and, if necessary, they shall provide a

security/privilege log sufficiently describing any undisclosed relevant

documents which are alleged to be subject to nondisclosure. Any party may

request that the Court conduct an in camera review of withheld documents

or information.

7)  If, instead of filing an answer, Defendant files a motion to dismiss under

Federal Rule of Civil Procedure 12(b) or a motion for summary judgment

under Rule 56 that addresses preliminary procedural issues rather than the

merits, then disclosures and discovery shall be automatically stayed with

the exception that Defendant shall submit with any exhaustion-of-

administrative-remedies motion a copy of all grievance-related forms and

correspondence, including a copy of handwritten forms submitted by

Plaintiff that either fall within the relevant time period or that otherwise

**MEMORANDUM DECISION AND ORDER - 12**

relate to the subject matter of a claim. Submission of a motion for summary judgment addressing procedural issues does not foreclose any party from later filing a motion for summary judgment on the merits.

8) Each party shall ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

9) The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion in clearly identified as requesting an *ex parte* order, pursuant to Local Rules of Civil Practice before the United States District Court for the District of Idaho 7.2. ("*Ex parte*" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10) All Court filings requesting relief of requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United

States District Court for the District of Idaho 5.1 and 7.1. The Court will

not consider requests made in the form of letters.

11) Discovery shall not be filed with the Clerk of Court, but shall be

exchanged between parties, only, as provided for in the Federal Rules of

Civil Procedure. Motions to compel discovery must not be filed unless the

parties have first attempted to work out their disagreements between

themselves.

12) No party may have more than three pending motions before the Court at

one time, and no party may file a motion on a particular subject matter if

that party has another motion on the same subject matter then pending

before the Court. Motions submitted in violation of this Order may be

stricken, summarily denied, or returned to the moving party unfiled.

13) Plaintiff must notify the Court immediately if Plaintiff's address changes.

Failure to do so may be cause for dismissal of this case without further

notice.

Dated: June 14, 2016

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 14**